UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BOBBIE L. ADAMS, III,<br>*Plaintiff*, | 19-cv-994 (KAD) |
| v. | |
| KARLENE M. DEAL, JOHN L. SALOMONE, BROWN JACOBSON PC,<br>*Defendants*. | January 31, 2020 |

MEMORANDUM OF DECISION
RE: DEFENDANTS' MOTIONS TO DISMISS (ECF NOS. 23, 25)

Kari A. Dooley, United States District Judge:

Plaintiff Bobbie L. Adams, III ("Adams," or the "Plaintiff"), proceeding *pro se*, filed this action on June 3, 2019 against Defendants Karlene M. Deal ("Deal"), the tax collector for the City of Norwich, John L. Salomone ("Salomone"), the city manager for the City of Norwich, and the law firm of Brown Jacobson PC ("Brown Jacobson," and, collectively, the "Defendants"), in the Superior Court for the judicial district of New London. Adams alleges violations of his right to due process and equal protection of the law and alleges that the Defendants' actions have subjected him to cruel and unusual punishment. On June 25, 2019, Defendants Deal and Salomone removed the action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1331 with the consent of Brown Jacobson. (*See* ECF No. 6 ¶ 5.) On November 22, 2019, Deal and Salomone moved to dismiss Adams's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), principally on the grounds that the Tax Injunction Act precludes this Court's exercise of subject matter jurisdiction. (ECF

1

No. 23.) Adams filed an opposition to the motion on December 23, 2019.[1] (ECF No. 24). Brown Jacobson thereafter filed a motion to dismiss in which it joins in and adopts the motion to dismiss filed by Deal and Salomone. (ECF No. 25.) For the reasons that follow, the Defendants' motions to dismiss are GRANTED for lack of subject matter jurisdiction and the case is REMANDED to the Superior Court for the judicial district of New London pursuant to 28 U.S.C. § 1447(c).

**Standard of Review**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 712 (2d Cir. 2019) (*per curiam*) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Mercer v. Schriro*, 337 F. Supp. 3d 109, 122 (D. Conn. 2018) (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)). Although a *pro se* complaint "must be construed liberally to raise the strongest arguments it suggests," a *pro se* litigant must be able "to allege facts demonstrating that her claims arise under this Court's . . . jurisdiction." *Gray v. Internal Affairs Bureau*, 292 F. Supp. 2d 475, 477 (S.D.N.Y. 2003). Absent such a showing the "complaint must be dismissed." *Id.* (citing Fed. R. Civ. P. 12(h)(3)). However, when an action is removed from state court and the federal court thereafter determines that it lacks subject matter jurisdiction, the case must be remanded. *See* 28 U.S.C. § 1447(c).

---

[1] Adams's opposition brief was untimely as it was not filed within 21 days of the filing of Deal's and Salomone's motion, as required by Local Rule 7(a)(2). The Court will nonetheless consider it in light of the solicitude afforded to *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (describing this solicitude, which "often consists of liberal construction of pleadings, motion papers, and appellate briefs" but also, *inter alia*, "leniency in the enforcement of other procedural rules").

**Allegations**

In his complaint (ECF No. 1), Adams alleges that he went to Norwich City Hall in March of 2019 to pay his motor vehicle taxes and was informed that he owed $2,404.14, as well as an additional charge of $258.55 due to his account having been placed in collections. Adams alleges that he subsequently mailed a check for $2,404.14, which was "accepted" and applied to his taxes, except for an amount that was paid to a debt collector. According to Adams, "[t]he tax collector has no authority to collect monies for anything but taxes." (*Id.* at 8–9.) Adams alleges that he has waited 60 days for Salomone or Brown Jacobson to inform Deal of the debt collection laws and correct this error but they have not done so.[2] In his request for relief, Adams seeks a transfer of his case to federal court, an order requiring "Deal to have monies received for taxes applied to taxes, as is her only authority," and compensatory damages from Salomone and Brown Jacobson for his pain and suffering.[3]

**Discussion**

Pursuant to the Tax Injunction Act, "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "The Act applies not only to state taxes but also to local municipal taxes." *Jeffreys v. Town of Waterbury*, No. 3:18-CV-02009 (JAM), 2019 WL 4957930, at *1 (D. Conn. Oct. 7, 2019) (citing *Hibbs v. Winn*, 542 U.S. 88, 100 n.1 (2004)). "Moreover, although the Act by its terms applies only to prevent a district court's

---

[2] Adams appears to invoke 42 U.S.C. § 7604 for this proposition. This statute requires a plaintiff bringing suit under the Clean Air Act to wait 60 days after notice of a violation of an emission standard has been given before commencing a civil action against the alleged violator.

[3] Following removal of the action to this Court, Adams filed a motion seeking class action status. (ECF No. 16.) In it, Adams asserts that if Defendants are going to "subject plaintiff to the process of debt collection, it must be to 'All' the rules and procedure – or none, as to do otherwise den[ies] plaintiff due process and equal protection of law and has subjected him to cruel and unusual punishment . . . as it does all members of the class." (*Id.* at 5.) The Court does not reach Plaintiff's request.

grant of injunctive relief, it is well recognized that parallel principles of comity likewise preclude a federal court from awarding money damages if there is an adequate remedy to be had in state court." *Id.*; *see also Piedmont Gardens, LLC v. Leblanc*, 168 F. Supp. 3d 391, 395 (D. Conn. 2016), *aff'd*, 733 Fed. App'x 576 (2d Cir. 2018) ("[F]ederal courts are precluded from exercising jurisdiction over challenges to state tax assessments, regardless of the type of relief sought") (quoting *Bernard v. Village of Spring Valley*, 30 F.3d 294, 297 (2d Cir. 1994)).

Whether the Tax Injunction Act or related principles of comity serve as a bar to an action in federal court depends on the answers to two questions. "First, does the plaintiff's action amount to a challenge to the assessment, levy, or collection of any tax under state or local law? Second, is there an effective remedy that the plaintiff can pursue in the state courts?" *Jeffreys*, 2019 WL 4957930, at *2 (citing *Entergy Nuclear Vermont Yankee, LLC v. Shumlin*, 737 F.3d 228, 230–35 (2d Cir. 2013)); *accord Piedmont Gardens*, 168 F. Supp. 3d at 395–96. "A remedy is considered plain, speedy, and efficient if it 'provides the taxpayer with a full hearing and judicial determination at which [he] may raise any and all constitutional objections to the tax.'" *Marshall v. Town of Middlefield*, No. 3:07-CV-1079 (MRK), 2008 WL 5157753, at *4 (D. Conn. Dec. 5, 2008), *aff'd*, 360 Fed. App'x 227 (2d Cir. 2010) (quoting *California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982)). With respect to the claims asserted here, the Court answers both questions in the affirmative.

First, although the Plaintiff invokes the due process and equal protection clauses of the Fourteenth Amendment to the U.S. Constitution as well as the Eighth Amendment prohibition against cruel and unusual punishment, "[b]asing a complaint upon alleged violation of civil rights . . . or of the Federal Constitution will not avoid the prohibition contained in Section 1341." *Hickmann v. Wujick*, 488 F.2d 875, 876 (2d Cir. 1973) (*per curiam*). At its core, Adams seeks to

challenge the City of Norwich's ability to allocate a portion of Adams's tax payment to a debt collector—a challenge which goes to the City's very authority to assess and collect taxes. The allegations therefore fall squarely within the ban on federal court interference with state and local tax administration. *See, e.g.*, *Jeffreys*, 2019 WL 4957930, at *2 (holding that the plaintiff's complaint "about the City's assessment of taxes against his car and its collection efforts by means of garnishment of his bank account" was precluded by the Tax Injunction Act and related principles of comity); *Baltayan v. Tito*, No. 3:10-CV-1327 (CFD), 2011 WL 2982315, at *3 (D. Conn. July 21, 2011) (same, with respect to the plaintiff's challenge to the Town of Hamden's "authority to tax his motor vehicles"); *Marshall*, 2008 WL 5157753, at *3 (same, as to the plaintiff's challenge to the town's levy and collection of the plaintiff's motor vehicle taxes).

As for whether Connecticut law affords Adams an adequate remedy, the state allows "[a]ny person . . . claiming to be aggrieved by the doings of the assessors of [a] town … [to] appeal therefrom to the board of assessment appeals." Conn. Gen. Stat. § 12-111(a). Under the statute, any aggrieved taxpayer who properly files a written appeal is entitled to notice of an appeal hearing subject to certain exceptions which are not applicable here. *See id.* Additionally, Conn. Gen. Stat. § 12-129 entitles "[a]ny person . . . who pays any property tax in excess of the principal of such tax as entered in the rate book of the tax collector and covered by his warrant therein, or in excess of the legal interest, penalty or fees pertaining to such tax" to "make application in writing to the collector of taxes for the refund of such amount." These remedies are adequate to satisfy the Tax Injunction Act and the associated comity doctrine. *See Piedmont Gardens, LLC v. LeBlanc*, 733 Fed. App'x 576, 578–79 (2d Cir. 2018) (summary order) (concluding that, *inter alia*, Conn Gen. Stat. § 12-129 and the Connecticut constitution, which "offers a remedy for deprivation of constitutional rights that is, for all relevant purposes, coextensive with 42 U.S.C. § 1983" provide

"options [that] satisfy comity's requirement of a plain, adequate, and complete remedy.");[4] *Marshall*, 2008 WL 5157753, at *4 (concluding that Conn. Gen. Stat. § 12-129 provided an adequate remedy for the plaintiff to raise his constitutional challenges to the Town of Middlefield's levy and collection of his taxes); *see also Jeffreys*, 2019 WL 4957930, at *2 (citing other provisions of Connecticut law that afforded the plaintiff "ample opportunity to challenge the City's assessment and collection of car taxes, as well as to pursue a challenge to the tax-related garnishment of his bank account").

In his opposition to the motion, Adams does not refute these principles or address the Tax Injunction Act. Instead, he argues that by allowing the Defendants to remove his state court action to federal court, "this court agreed they have jurisdiction." (ECF No. 24 at 2.) Adams misapprehends the removal process. Removal is an act initiated by a civil defendant, not the Court. *See* 28 U.S.C. §§ 1441(a), 1446(a). Removal is not therefore a determination by the Court that it has subject matter jurisdiction over the matter removed. Once a case is removed, however, subject matter jurisdiction may be raised by the parties or *sua sponte* by the Court. Indeed, a federal court has "an independent obligation to examine its subject-matter jurisdiction at all successive stages of litigation," and the Court is therefore permitted "to consider the defense of lack of subject matter jurisdiction at any time." *Abramov v. I.C. Sys., Inc.*, 65 F. Supp. 3d 323, 325 (E.D.N.Y. 2014) (citing Fed. R. Civ. P. 12(h)(3)).

Adams alternatively asserts that if the Court determines that it lacks jurisdiction, "a remand back to the Superior Court would be in order[,] not a dismissal." (ECF No. 24 at 3.) Adams is

---

[4] The Second Circuit in this case declined to consider whether the plaintiff's complaint sought to "enjoin[], suspend[], or restrain[] the collection of a state tax within the meaning of the" Tax Injunction Act and instead affirmed the district court's dismissal on grounds of comity, which "is a more embracive doctrine." *Id.* at 578. In doing so the court noted that the question of what counts as an adequate state law remedy is effectively the same under the Tax Injunction Act and the related comity doctrine. *Id.* The claims brought in *Piedmont Gardens* were also quite similar to those brought here – both cases involved challenges to the assessment of additional fees when the taxes at issue were placed in collection. *See id.* at 577.

correct. Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction" in a case removed from state court, "the case shall be remanded." *See also Terminello v. Village of Piermont*, No. 08-CV-01056 (WCC) (DCP), 2009 WL 3496615, at *3 (S.D.N.Y. Oct. 28, 2009) (remanding case to state court after determining that the court lacked jurisdiction under the Tax Injunction Act and principles of comity). While the Defendants proffer alternate reasons why this Court should dismiss the complaint—including that Adams purportedly failed to exhaust his administrative remedies and that the complaint fails to state a claim upon which relief may be granted—the Court is without authority to consider these arguments, having concluded that it lacks subject matter jurisdiction over the action. *See, e.g.*, *Belcher v. Wells Fargo Bank, N.A.*, No. 3:09-CV-757 (WWE) (WIG), 2009 WL 1581101, at *2 (D. Conn. June 3, 2009) ("Without subject-matter jurisdiction the court lacks the 'power to declare the law[.]'") (quoting *Steel co. v. Citizens for a Better Env't*, 523 U.S 83, 94–95 (1998)).

**Conclusion**

For the foregoing reasons, Defendants' motions to dismiss are GRANTED and the case is REMANDED to the Superior Court for the judicial district of New London.

**SO ORDERED** at Bridgeport, Connecticut, this 31st day of January 2020.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE